[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PRELIMINARY MEMORANDUM OF DECISION
Prior to trial assigned for August 12, 1993, the court briefly discussed some preliminary "housekeeping" matters with counsel in chambers. Defendant indicated she had just discovered the names of one or more individuals who were involved in this matter and should be cited in as parties. Therefore she requested a continuance for that purpose. Plaintiff's counsel, however, requested that a short hearing be held on the limited question whether the named plaintiff was the owner and proper party to foreclose the mortgage in this case, and that he was prepared to offer evidence on this issue and would like it heard. Defendant did not object to this procedure, and the court on the basis of plaintiff's counsel's representations, proceeded to take evidence on that limited issue. Plaintiff produced as a witness one Attorney Ginsburg who claimed to represent the named plaintiff at the closing of the mortgage and who drafted the note and mortgage deed on July 17, 1991. When asked by plaintiff's counsel whether he was "aware of where the funds came from to fund this mortgage," he answered he was and that the $44,000.00 involved came from one Aglino Masotta. He was further asked by plaintiff's counsel "did any money come from Family Financial Services" and his answer was "No, the money came from Mr. Masotta." There was further colloquy between the court and plaintiff's counsel in which the latter stated he thought Mr. Ginsburg was the only witness he needed on the issue before the court and, notwithstanding that it was plaintiff's counsel who requested this hearing, he then said, "I had no idea the court was going to address this issue this morning. . ." This is an amazing statement by plaintiff's counsel, considering the fact that it was he who requested the hearing on the issue, and the court so indicated (Tr. p. 8) to him. It was only when plaintiff's CT Page 7016-A counsel sensed that Attorney Ginsburg was very vague about what occurred that plaintiff's counsel decided he would like more time to bring in other witnesses. At no time in chambers did plaintiff's counsel indicate he needed time to bring in witnesses, and he left the court with the clear impression he was prepared to present his evidence then. Plaintiff's counsel then stated while Attorney Ginsburg was on the stand that "I thought this witness would be sufficient. . ." The court indicated he was not sufficient.
It was manifest that plaintiff's counsel was not ready to proceed even though he had requested the hearing and created the clear impression that he was prepared on this limited issue.
The court was inclined to rule that the named plaintiff was not the owner and proper party to foreclose the mortgage on the basis of the evidence produced by plaintiff, but is refraining from deciding this issue at this point because a full trial is necessary in this case in any event and several other important issues other than who is the proper party plaintiff have been raised and must be decided. The court will reserve decision on the propriety of the named plaintiff as the foreclosing party until after the whole case is heard. This procedure extends a courtesy to the plaintiff's counsel to which he truly is not entitled in view of his request for the limited hearing and his indication he was prepared to proceed, making no mention that necessary witnesses were not in the courtroom or that he would need time to obtain them.
At this point in time the court reserves making a decision on the propriety of the named plaintiff as the proper foreclosing party.
BY THE COURT
GEORGE A. SADEN STATE TRIAL REFEREE